UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAKIM INTERNATIONAL TRADING, et al., <br><br> Plaintiff, <br><br> v. <br><br> THE STANDARD FIRE INSURANCE CO., et al <br><br> Defendants. | Civil Action No. 2:17-cv-02874 (CCC) <br><br> **OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Hakim International Trading ("Plaintiff") for a leave to file an Amended Complaint [ECF No. 30]. Defendant The Standard Fire Insurance Company ("Defendant" or "Standard Fire") opposes Plaintiff's motion [ECF No. 32]. For the reasons set forth below, Plaintiff's motion to file an Amended Complaint [ECF. No. 30] is **GRANTED**.

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is the owner and operator of a commercial warehouse located in Hamilton, New Jersey (the "Hamilton Warehouse"). Pl.'s Mot. to Am. Compl., ECF No. 30. Defendant is an insurance company authorized to do business in the State of New Jersey. Compl., ECF No. 1-1 ¶ 2. In October of 2013, Defendant issued a standard flood insurance policy to Plaintiff for the Hamilton Warehouse, which included insurance coverage for the building and contents in the combined limit of $1,000,000.00. *Id*. at 2 ¶ 2. On May 1, 2014, while the insurance policy was in effect, Plaintiff alleges that "the Hamilton Warehouse was flooded by torrential rain and floodwater from the adjacent Assunpink Creek which resulted in property damage to the building and contents in the excess of the 1 Million Dollar policy limits." ECF No. 30 at 2-3. In connection

1

with the Hamilton Warehouse damage, Plaintiff retained Lawrence Oshinsky and the Oshin Group, LLC as its Public Adjuster. Shortly thereafter, Mr. Oshinsky filed a claim on Plaintiff's behalf for coverage with Standard Fire. ECF No. 30 at 3; Compl. at 2 ¶ 4. In June of 2016, Standard Fire notified Plaintiff that its claim was denied. ECF No. 30 at 4.

After multiple appeals and denials of Plaintiff's claim, on February 27, 2017, Plaintiff initiated this action by filing its Complaint in the Superior Court of New Jersey, Bergen County. *See* Compl., ECF No. 1-1 at 6. In the Complaint, Plaintiff seeks damages against Standard Fire for breach of the insurance policy based on Defendant's denial of its building and content damage claim. *Id*. at 8. Plaintiff's Complaint also alleges that its denied claim was a direct result of Mr. Oshinsky's failure to communicate, negligence, and breach of his professional duty to Plaintiff. *Id*. at 11.

On April 26, 2017, Standard Fire removed the case to this Court citing the Court's federal jurisdiction under the National Flood Insurance Program's Write-Your-Own Program. Notice of Removal, ECF No. 1 ¶6. On March 22, 2018, Plaintiff filed a motion to amend its Complaint maintaining prior allegations against Defendants, accounting for pleading and jurisdictional requirements for this Court, and adding building claim allegations against Standard Fire. ECF No. 30-1. Defendant opposes Plaintiff's motion. Def.'s Response in Opp'n, ECF No. 32.

II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1)

undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . .." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendant does not assert that Plaintiff's motion was unduly delayed, prejudicial, or results from any bad faith, but argues that Plaintiff's proposed amendments are futile. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

With respect to Plaintiff's proposed Amended Complaint, Defendant asserts that the proposed claims are futile because they are statutorily time-barred. ECF No. 32. According to

Defendant, Plaintiff was required to assert its claims within one year of Standard Fire's denial of coverage pursuant to 42 U.S.C. § 4072. ECF No. 32 at 7. Defendant alleges that it issued a partial denial of Plaintiff's building claim on June 23, 2014 and a denial of its content claim on October 20, 2015. *Id*. at 9-10. Because this action was initiated more than a year after Standard Fire's denial of coverage, Defendant contends that Plaintiff claims are time-barred and Plaintiff's motion to amend should be denied.

While Defendant may be correct in its assertions regarding the viability of Plaintiff's proposed claims, it appears to the Court that a ruling on Defendant's futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that Plaintiff's proposed amendments are clearly futile. Based on the foregoing, Plaintiff's motion for leave to file an Amended Complaint is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 4th day of September 2018,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [ECF No. 30] is **GRANTED;** and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**