**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAKIM INTERNATIONAL TRADING, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> THE STANDARD FIRE INSURANCE CO., TRAVELERS, OSHIN GROUP, LLC, LAWRENCE F. OSHINSKY, AND ABC CORP., <br><br> Defendants. | Civil Action No.: 17-cv-02874 <br><br> **OPINION** |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court on the motions to dismiss plaintiffs Hakim International Trading and Hakim International Enterprises' ("Plaintiffs") First Amended Complaint (ECF No. 35, "FAC") filed by defendants Oshin Group, LLC and Lawrence F. Oshinsky ("Oshinsky Defendants") (ECF No. 39) and The Standard Fire Insurance Company ("Standard Fire") (ECF No. 40)[1] (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs opposed Defendants' motions (ECF Nos. 41, 43), and Defendants replied (ECF Nos. 42, 44). The Court has considered the submissions made in support of and in

---

[1] Should the Court determine that it cannot consider the documents attached to and cited in the FAC, Standard Fire requests that the Court treat its motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 40-9 at 9–10. However, as the documents attached to and cited in the FAC are "integral to or explicitly relied upon in the complaint . . . [they] may be considered without converting the motion to dismiss into one for summary judgment." *Boisvert v. State Farm Fire & Cas. Co.*, No. 14-5760, 2015 WL 5771797, at *2 (D.N.J. Sept. 29, 2015) (citations omitted).

opposition to the motions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Standard Fire's motion to dismiss (ECF No. 40) is granted and the Court dismisses the Oshinsky Defendants from this case due a lack of subject matter jurisdiction.

## II.     BACKGROUND

### a. Factual Background

Plaintiffs' claims arise out of allegations that Standard Fire, Plaintiffs' insurer, wrongfully denied Plaintiffs' claims under its Standard Flood Insurance Policy (the "SFIP") in connection with flood damage incurred at Plaintiffs' property. Plaintiffs further claim that the Oshinsky Defendants, Plaintiffs' independent adjusters, breached their duties owed to Plaintiffs concerning their attempt to aid Plaintiffs in recovering such insurance funds under the SFIP.

Standard Fire issued the SFIP to Plaintiffs on October 13, 2013, for the property located at 533 Whiteheads Road, Hamilton, New Jersey (the "Property"). FAC at ¶ 11. The SFIP provides contents coverage of $500,000 per loss and $500,000 building damage per loss, with a $25,000 deductible. *Id.* at ¶ 12. The SFIP also provides that any claims brought by Plaintiff against Standard Fire concerning a disputed denial of coverage under the SFIP must be filed within one year of the date that Standard Fire issues the denial of coverage at issue. *Id.* at ¶ 14. As SFIPs are regulated by the Federal Emergency Management Agency ("FEMA"), only FEMA, and not Plaintiffs or Standard Fire, may waive any provision within the SFIP, including this statute of limitations provision. *See Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005) (citing 44 C.F.R. Pt. 61, App. (A)(1), Art. VII(D)).

On May 1, 2014, while the SFIP was in effect, the Property was flooded by overflow from an adjacent creek. FAC at ¶ 16. The next day, Plaintiffs allege that they notified Standard Fire of

2

the flood and the consequent damage to the Property. *Id.* at ¶ 19. Plaintiffs estimate that the Property sustained building damages of over $250,000 and contents damage of over $4,000,0000—in excess of the SFIP's $500,000 limit. *Id.* at ¶¶ 20–21.

Two weeks later, Plaintiffs retained the services of the Oshinsky Defendants under a written contract (the "Services Contract")—wholly separate from the SFIP contract—in which the Oshinsky Defendants agreed to act as Plaintiffs' adjuster in connection with any insurance claims made under the SFIP. *Id.* at ¶ 22–24. (citing ECF No. 30-2, Ex. B (Plaintiffs' contract with the Oshinsky Defendants)). Under the Services Contract, for example, the Oshinsky Defendants agreed to review Plaintiffs' insurance coverage and assist Plaintiffs in complying with the SFIP's terms and conditions. *Id.*

Thereafter, following Plaintiffs' submission of claims under the SFIP, Standard Fire submitted a partial building damage payment to Plaintiffs in the amount of $79,964.57 on October 20, 2015. *Id.* at ¶ 34. In this same correspondence, however, as well as in a previous June 23, 2014 correspondence, Standard Fire denied Plaintiffs' other claims for flood damage on the grounds that Plaintiffs "have not cooperated in [Standard Fire's] investigation of the claim." *Id.* at ¶ 35 (citing ECF No. 30-2, Ex. C (Standard Fire's "denial letter" issued to Plaintiffs on October 20, 2015)). Plaintiffs allege that the Oshinsky Defendants' carelessness in assisting with their claims submissions contributed to these denials. *Id.* at ¶ 66.

In the subsequent months, as Plaintiffs appealed Standard Fire's denials of their claims, further negotiations ensued between the parties. *Id.* at ¶¶ 37–48. For instance, Plaintiffs allege that, following a re-inspection of the Property by Standard Fire's independent adjuster, Plaintiffs submitted a proof of loss with Standard Fire regarding its "contents claim" on March 11, 2016. *Id.* Nevertheless, Plaintiffs allege that on May 6, 2016, Standard Fire rejected Plaintiffs' proof of loss

3

pending further review "of the current damages, prior loss damages and documentation submitted." *Id.* (citing ECF No. 30-2, Ex. E (Standard Fire letter to Plaintiffs)).

Then, on May 11, 2016, FEMA wrote a letter to Plaintiffs' representative in which FEMA acknowledged that Standard Fire continued to review its previous denials of coverage under the SFIP. ECF No 30, Ex. I. Specifically, in this letter, while FEMA did not expressly set aside Standard Fire's previous denials of coverage or waive any of the SFIP's terms and conditions, FEMA nonetheless recommended that Standard Fire pay Plaintiffs "all undisputed amounts of the loss" and invited Plaintiffs to submit a written appeal to FEMA in the event that Standard Fire refused to reverse course. *Id.*

Ultimately, on June 27, 2016, Standard Fire issued a letter to Plaintiffs "re-affirming" its previous denials of coverage under the SFIP concerning the flood damage. *Id.* at ¶ 46 (citing ECF No. 30-2, Ex. J (Standard Fire letter to Plaintiffs)). Plaintiffs then appealed this decision to FEMA, which FEMA denied on January 17, 2017, finding that Plaintiffs' submissions to Standard Fire in connection with its claims under the SFIP were "less than professional" and contained "inadequate documentation." *Id.* at ¶ 48 (citing ECF No. 30-2, Ex. F (FEMA appeal denial)). Plaintiffs allege that FEMA's findings indicate that the Oshinsky Defendants failed to adhere to its obligations under the Services Contract. *Id.* at ¶¶ 59–81.

### b. Procedural Background

Plaintiffs filed this action against Defendants in New Jersey Superior Court, Bergen County, on February 27, 2017—more than one year following Standard Fire's initial denials of Plaintiffs' claims under the SFIP. ECF No. 1. Defendants then removed this action to this Court pursuant to 28 U.S.C. § 1441, alleging that jurisdiction was proper under 42 U.S.C. § 4072 and 28 U.S.C. § 1331. ECF No. 1 at 4 (citing *Van Holt v. Liberty Mutual Fire Insurance Company*, 163

4

F.3d 161, 167 (3rd Cir. 1998) ("42 U.S.C. § 4072 [and thus 28 U.S.C. § 1331] vests district courts with original exclusive jurisdiction over suits by claimants against [insurance] companies based on partial or total disallowance of claims for insurance arising out of [SFIPs].")). Defendants further asserted that the Court has supplemental jurisdiction over Plaintiffs' state law claims, including those claims asserted against the Oshinsky Defendants, under 28 U.S.C. § 1367 as the complaint derived from a "common nucleus of operative fact[]." *Id.* at 5.

On September 6, 2018, Plaintiffs filed the six count FAC in this Court against Defendants, asserting a breach of contract claim against Standard Fire and also asserting a breach of contract, a breach of fiduciary duty, and professional negligence claims against the Oshinsky Defendants. *See generally* FAC.

### III. **LEGAL STANDARD**

#### a. **Federal Rule of Civil Procedure 12(b)(6)**

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

5

## IV.  DISCUSSION

Standard Fire (ECF No. 40) and the Oshinsky Defendants (ECF No. 39) argue that Plaintiffs' claims warrant dismissal under Rule 12(b)(6). The Court will address these motions in turn.

### a. Standard Fire

Standard Fire argues that Plaintiffs' claims concerning the disputed denial of coverage under the SFIP are time-barred due to Plaintiffs' failure to bring suit within one year of the date that Standard Fire denied coverage. ECF No. 40-9. Standard Fire also argues that, untimeliness aside, Plaintiffs are not entitled to recover attorneys' fees, interest, statutory penalties, consequential damages, or punitive damages under the SFIP. *Id.* In response, Plaintiffs argue that their claims against Standard Fire are timely and thus do not warrant dismissal.[2] ECF No. 43. Before the Court addresses the timeliness of Plaintiffs' claims, it discusses below the relevant legal framework under which the SFIP is governed.

### i. The SFIP

SFIPs are regulated under the National Flood Insurance Program ("NFIP"), which was created under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* The Director of FEMA is charged with overseeing and implementing the NFIP and, therefore, SFIPs. *See Sodi II, LLC v. Selective Ins. Co. of Am.*, 06-2573, 2008 WL 141204, at *3 (D.N.J. Jan. 11, 2008).

Pursuant to its authority, FEMA created the Write Your Own ("WYO") program that permits private insurance companies, such as Standard Fire, to issue SFIPs, which contain identical

---

[2] As Plaintiffs do not appear to dispute Standard Fire's argument that Plaintiffs are precluded from recovering attorneys' fees, interest, statutory penalties, consequential damages, or punitive damages, the Court dismisses such claims. *See Damiano v. Harleysville Ins. Co. of, New Jersey*, 3-07239, 2014 WL 12622874, at *6 (D.N.J. July 17, 2014) ("No language in the SFIP grants the courts discretion to award categories of damages not enumerated within the SFIP itself.").

6

terms and conditions and are codified by regulation. *See* 44 C.F.R. § 62.23; 44 C.F.R. pt. 61, App.A(2). However, because claims paid by WYO Companies under SFIPs are considered "a direct charge to the United States Treasury" (*see Suopsys*, 404 F.3d at 809), WYO Companies may not "alter, amend, or waive any provision or condition of the SFIP absent express written consent from [FEMA]." *Sodi II*, 2008 WL 141204 at *3 (citations omitted). As referenced above, this waiver requirement applies to the statute of limitations provision contained within these SFIPs. *Id.*; *see also Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *4 (D.N.J. June 26, 2014) (finding that suits against WYO Companies are "functionally equivalent to suits against FEMA" such that the same "statutory limits apply equally to suits against FEMA and WYO providers") (citations omitted).

### ii. Timeliness of Plaintiffs' Instant Claims

As discussed above, in May 2014, Plaintiffs submitted claims under the SFIP with Standard Fire in connection with flood damages to the Property. Standard Fire then expressly rejected Plaintiffs' claims in letters dated June 23, 2014 and October 20, 2015, notwithstanding a partial award of $79,964.57 that Standard Fire issued to Plaintiffs for certain building damages. FAC at ¶¶ 32–35; ECF No. 30-2, Ex. C (October 20, 2015 letter from Standard Fire to Plaintiffs noting its "decision to deny [Plaintiffs'] claim"), Ex. D (FEMA outlining Standard Fire's denials of Plaintiffs' claims). Further, Plaintiffs necessarily "accepted" that these letters constituted "denials" of their claims within the meaning of the SFIP given that they filed an appeal with Standard Fire later in October 2015 (FAC at ¶ 37; ECF No. 43-2 at 2, ¶ 4). *See Migliaro v. Fid. Nat'l Indem. Ins. Co.*, 880 F.3d 660, 664 (3d Cir. 2018) (holding that written rejection of claims under an SFIP constitutes a "denial" sufficient to trigger an SFIP's one-year statute of limitations provision where the claimant "accepted" that the written rejection constituted a denial of the

7

claims). As such, the SFIP's one-year statute of limitations provision was triggered on June 23, 2014 and October 20, 2015. *Id.* Accordingly, as Plaintiffs filed this action on February 27, 2017—more than one year following Standard Fire's denials of coverage under the SFIP—their instant claims against Standard Fire are time barred. *Clutter v. Long*, No. 17-4833S, 2018 WL 4853053, at *5 (E.D.N.Y. Sept. 28, 2018) (dismissing plaintiff's breach of contract claim in connection with an SFIP under Rule 12(b)(6) as it was time barred).

Nevertheless, Plaintiffs make three arguments that their claims against Standard Fire are timely. Plaintiffs' contentions lack merit.

First, Plaintiffs argue that their administrative appeal of Standard Fire's June 23, 2014 and October 20, 2015 denials with FEMA tolled the statute of limitations under the SFIP. ECF No. 43 at 10–11. Second, Plaintiffs argue that an insurer's denial of coverage under the SFIP only triggers the SFIP's statute of limitations provision where the denial followed the claimant's submission of a proof of loss. ECF No. 43 at 11–13. Plaintiffs contend that as they did not submit a proof of loss on their "contents claim" with Standard Fire until March 11, 2016, the SFIP's statute of limitations provision was not triggered until after that date. *Id.* Thus, according to Plaintiffs, the instant action against Standard Fire, which was filed on February 27, 2017, is timely as it was brought within one year of their proof of loss submission. *Id.* Third, Plaintiffs assert that, regardless of when they submitted a proof of loss, Standard Fire's continued negotiations and purported "re-opening" of Plaintiffs' claims following its June 23, 2014 and October 20, 2015 denials "created a new one year limitations period to challenge." ECF No. 43 at 14–15. According to Plaintiffs, the SFIP's one-year statute of limitations clock re-started upon Standard Fire's subsequent denial of coverage in June 2017, and, therefore, their instant action is timely. *Id.*

8

With respect to Plaintiffs' first averment that their administrative appeal with FEMA tolled the SFIP's statute of limitations clock, such contention is directly refuted by FEMA's regulations. FEMA's regulations state that "[f]iling an appeal does not . . . extend any of the time limitations set forth in the SFIP" and that "[t]he one-year period to file suit commences with the written denial from the insurer and is not extended by the appeals process." *Buck v. Standard Fire Ins. Co.*, No. 15-533, 2016 WL 10100432, at *3 (N.D.N.Y. Sept. 6, 2016) (quoting 44 C.F.R. § 62.20(c), (f)(4)).

As to Plaintiffs' second contention related to their proof of loss submission, their formulation of the law is misplaced. An insurer's denial of coverage under the SFIP triggers the SFIP's statute of limitations provision where either: (1) the denial followed the claimant's *timely* proof of loss submission, or (2) the claimant previously failed to submit a *timely* proof of loss— within 60 days after the claimed loss at issue. *See Barmil v. Standard Fire Ins. Co.*, No. 11-2377, 2011 WL 5920945, at *3 (D.N.J. Nov. 28, 2011) ("All SFIPs require that the insured timely submit a signed and sworn Proof of Loss within sixty days of the claimed loss . . . [and,] [t]herfore, an insured's failure to comply with the proof of loss provision bars recovery on an otherwise valid claim.") (citing 44 C.F.R. Pt. 1, App. (A)(1), art. VII(J)).

Here, the claimed loss at issue occurred on May 1, 2014, and, therefore, Plaintiffs' proof of loss submission was due to be filed no more than 60 days later, on June 30, 2014. *Id.* Plaintiffs, however, allege that while they submitted a proof of loss regarding their "building claim" on June 13, 2014, they failed to submit a proof of loss regarding their "contents claim" until March 11, 2016. ECF No. 43-2 at 1. As such, Plaintiffs' "building claim" proof of loss submission was timely, but their "contents claim" proof of loss submission was not timely. Accordingly, regarding Plaintiffs' "building claim," Standard Fire's June 23, 2014 and October 20, 2015 denials triggered the SFIP's statute of limitations provision because they followed Plaintiffs' timely proof of loss

9

submission. With respect to Plaintiffs' "contents claim," Standard Fire's June 23, 2014 and October 20, 2015 denials likewise triggered the SFIP's statute of limitations provision because Plaintiffs' previously failed to submit a timely proof of loss by June 30, 2014.

Insofar as Plaintiffs argue that FEMA expressly waived the SFIP's 60-day proof of loss requirement with respect to their "contents claim," the Court disagrees, as Plaintiffs fail to allege any instance, including in the letters cited in the FAC, in which FEMA purported to invoke such a waiver. *See generally* FAC; *see also Miller v. Selective Ins. Co. of Am.*, No. 08-2296, 2009 WL 5033952, at *6, n. 7 (D.N.J. Dec. 15, 2009) ("FEMA letter cannot be said to expressly alter or waive the SFIP's proof of loss requirements [where] FEMA's decision letter in no way addresses the timeliness issue."). Further, to the extent that Plaintiffs assert that Standard Fire *itself* waived the SFIP's 60-day proof of loss requirement, Standard Fire lacked the authority to do so, and, thus, any such waiver was not operative. *See Barmil*, 2011 WL 5920945, at *3 ("This jurisdiction has . . . repeatedly rejected claims by policy holders that a WYO Company waived, or somehow extended, the 60–day requirement absent a written waiver from FEMA.") (citations omitted); *see also Suopys*, 404 F.3d at 807 (holding that only FEMA, and not a WYO Company, may alter, amend, or waive any provision within the SFIP) (citations omitted).

Finally, Plaintiffs' argument that the SFIP's statute of limitations clock re-started in June 2017 is similarly unavailing. As discussed above, the SFIP's one-year statute of limitations provision, which was triggered upon the issuance of Standard Fire's denials of coverage on June 23, 2014 and October 20, 2015, could not be "re-started" thereafter unless FEMA, "expressly and in writing," purported to waive it or otherwise set aside Standard Fire's previous denials of coverage. *Clutter*, 2018 WL 4853053, at *5 (quotations and citations omitted); *see also Apatow v. Am. Bankers Ins. Co. of Fla.*, No. 16-198, 2016 WL 7422288, at *3 (C.D. Cal. Dec. 21, 2016)

("Defendant is not [FEMA], so no action it took could have restarted the limitations period in any event."). This is true even if Standard Fire, upon reconsideration, represented to Plaintiffs' that their claims had been re-opened. *See Price v. Fugate*, No. 15-0185, 2015 WL 3971273, at * 3 (W.D. Tex. June 30, 2015), *report and recommendation adopted*, 2015 WL 11438690 (W.D. Tex. Aug. 4, 2015) ("Further discussion of the disputed claims, and even further payment of certain disputed amounts, is insufficient to 'restart' or toll the limitations period absent an express written waiver by [FEMA]."); *see also Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019) ("That [the WYO Company] continued to process [the claimant's] claim does not change this conclusion . . . [that the previous] letter was a written denial.").

To the extent that Plaintiffs argue that FEMA's 2016 and 2017 letters constituted a "written waiver" of the SFIP's statute of limitations provision or otherwise set aside Standard Fire's previous denials of coverage, their averment lacks merit. Indeed, while FEMA acknowledged that Standard Fire continued to review its previous denials of coverage, nowhere in these letters did FEMA expressly purport to alter, amend, or waive any of the SFIP's conditions or the parties' rights. Accordingly, as the SFIP's statute of limitations period did not "re-start" after Standard Fire's initial denials of coverage, Plaintiffs instant claims against Standard Fire are time barred. *See Miller*, 2009 WL 5033952, at *6, n. 7.

### b. The Oshinsky Defendants

Before addressing the merits of the Oshinsky Defendants' motion to dismiss, the Court must *sua sponte* determine whether it maintains subject matter jurisdiction over the FAC. *See Greene v. Sloane*, 783 F. App'x 108, 110, n.2 (3d Cir. 2019) (finding that federal courts must raise "*sua sponte* subject-matter jurisdiction concerns because courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt") (citations and quotations omitted). Specifically,

in the FAC, Plaintiffs purport to assert that the Court maintains original jurisdiction over their claims against Standard Fire pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331 and supplemental jurisdiction over their claims against the Oshinsky Defendants pursuant to 28 U.S.C. § 1367. FAC at ¶¶ 5–10; ECF No. 41 at 10. However, as the Court has dismissed Standard Fire from this case, it declines to exercise supplemental jurisdiction over Plaintiffs' claims against the Oshinsky Defendants' and dismisses this action due to a lack of subject matter jurisdiction. *See Bonanni v. Purdy*, No. 13-6212, 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction) (citations and quotations omitted).

Insofar as Plaintiffs aver that dismissal of the FAC is not warranted on these grounds because the Court maintains original jurisdiction over their claims against the Oshinsky Defendants pursuant to Section 4072 and Section 1331, their arguments lack merit.

With respect to Section 4072, this provision vests district courts with original jurisdiction over suits brought by a claimant against FEMA and WYO Companies based on their denial of coverage under an SFIP. *See Brooks v. Foglio*, No. 13-2504, 2013 WL 3354430, at *3 (D.N.J. July 2, 2013) ("42 U.S.C. § 4072 vests district courts with original exclusive jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act.") (citations and quotations omitted). Here, however, as the Oshinsky Defendants neither constitute FEMA nor a WYO Company, and because *they* did not deny Plaintiffs' coverage under the SFIP, Section 4072 does not confer the Court with original jurisdiction. *Id.* at *4.

As to Section 1331, this provision provides that "[t]he district courts shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

Further, a case "arises under" federal law under two circumstances: where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *DeGennaro v. Grabelle*, No. 19-16419, 2021 WL 698476, at *2 (D.N.J. Feb. 23, 2021) (citations and quotations omitted). Neither circumstance is present here.[3]

Initially, the Court finds that federal law does not "create[] the cause of action" here against the Oshinsky Defendants as Plaintiffs exclusively assert state law claims against them. *See generally* FAC. Moreover, Plaintiffs concede that their claims against the Oshinsky Defendants, which arise out of the state-law governed Services Contract, are "totally independent" to the resolution of whether Standard Fire properly denied coverage under the SFIP—the substantial question of federal law at issue. ECF No. 41 at 14–15; *Cf. Moore & Moore Trucking, LLC v. Beard*, No. 12-3037, 2013 WL 828344, at *7 (E.D. La. Mar. 6, 2013) ("Because this case concerns whether [the WYO Company's] adjuster erroneously handled [the insuree's] claim, the case presents a substantial question that can only be answered by the standards and protocols promulgated by FEMA and the NFIP" pursuant to Section 1331). Indeed, Plaintiffs assert that their claims against the Oshinsky Defendants "would survive even if Standard Fire succeeds in getting a dismissal" as to Plaintiffs' claims against it. ECF No. 41 at 15.

Accordingly, even though Plaintiffs' claims against the Oshinsky Defendants tangentially relate to certain federal regulations, Section 1331 does not confer the Court with original

---

[3] The Court also notes that Section 1331 does not confer it with original jurisdiction merely because the Oshinsky Defendants raise the federal defense of preemption in their motion to dismiss. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987) (holding that a federal court does not have jurisdiction under Section 1331 on basis of federal defense, "including defense of preemption, even if defense is anticipated in plaintiff's complaint, and even if both parties concede that federal defense is only question truly at issue").

jurisdiction. *See Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996) (finding no original jurisdiction under Section 1331 over the plaintiff's state-law legal malpractice claims against his attorney merely because the attorney-defendant previously represented the plaintiff in an ERISA action, which was governed by federal law). As such, the Court dismisses the Oshinsky Defendants from this case as it lacks subject matter jurisdiction over the FAC.[4]

## V. CONCLUSION

For the reasons set forth above, Standard Fire's motion to dismiss (ECF No. 40) is granted and the Court dismisses the Oshinsky Defendants from this case due a lack of subject matter jurisdiction. An appropriate Order accompanies this Opinion.

**DATED:** November 30, 2021

_____
CLAIRE C. CECCHI, U.S.D.J.

---

[4] Given that the Court lacks subject matter jurisdiction over the FAC, it does not reach the merits regarding the Oshinsky Defendants' motion to dismiss pursuant to Rule 12(b)(6).